BELMONT.
May, 1816.

Dougherty
v.
Gilbert.

---

## DOUGHERTY vs. GILBERT.

### TRESPASS AND FALSE IMPRISONMENT.

A warrant may be legal, although the *name* of the person against whom it issues is not inserted in it.

The person suing out a search warrant does it at his peril; if the goods are not found he is a trespasser.

The court has power to grant new trials for excessive small as well as large damages.

The evidence was : That the plaintiff, clerk of the house of representatives of the United States, living in Kentucky, was journeying to Washington City, to attend a session of congress, with his family, in one carriage; a brother-in-law, with his family, were in another carriage, in company. They stopped, and put up for the night, at the defendant's tavern, about eight miles west of St. Clairsville; in the morning they paid their bill and departed on their journey; after they had passed through St. Clairsville, the defendant came into that town and applied to Sterling Johnston, a justice of the peace, for a warrant to search for stolen goods, and made oath that some of the company (without mentioning any name or giving any description of the persons) had stolen half a sheet from one of his beds, and an old silk handkerchief. Johnston made out a search warrant, which was wholly illegal, and void on the face of it. The defendant took it, and got a constable to go with him in pursuit of the plaintiff. They overtook the plaintiff eight or nine miles from St. Clairsville. The defendant

pointed out the plaintiff to the constable as the man against whom the warrant issued; the plaintiff was stopped two hours, and everything searched in both carriages. No stolen goods were found.

HAMMOND, for plaintiff.

WRIGHT and JENNINGS, for defendant.

PRESIDENT.—This is a question of damages merely, and the amount wholly in the discretion of the jury; but this discretion, to be exercised justly, should be guided by principles of the law and the circumstances of the case. A warrant may be legal, although the name of the person charged is not inserted in it, provided he be properly described, and it be stated that his name is unknown. The search warrant is a process of undoubted importance and necessity, yet such is the law, that every person sueing one out does so at his peril; if the goods are found, he is justified; if they are not, he is a trespasser. That the warrant in this case was illegal and void on the face of it, makes no difference as respects this defendant; he is liable as a trespasser; and he would be equally liable, had the warrant been in legal form, *the goods not having been found.* In estimating the damages then, in this case, you will consider, that so far from there being any legal excuse, there was no plausible motive for, no rational palliation of, the outrage complained of. The character and situation in life of the plaintiff, the manner in which he travelled, and his putting up at the defendant's house as a guest should have deterred the utmost wantonness of malice from the danger of such a proceeding. These circumstances you will take into consideration, and you will give such damages as will show that the stranger and the traveller are under the protection and safeguard of the laws,

The jury found a verdict for the plaintiff.—Damages ten cents.

HAMMOND.—I ask the court to grant a new trial, on account of excessive damages. Surely damages may be excessively small as well as excessively large. If the court doubt their power in this case, we must appeal.

The court took time to consider, and the next day gave their opinion:

PRESIDENT.—On reflection, we have no doubt but that the court possess the power of granting new trials for excessive damages, whether the damages are excessively large or small. As little doubt have we that in some cases it is the duty of the court to award a new

trial, as where the letting a verdict stand would be a reproach to the public justice of the country, as it seems to us it would in this case. We therefore, set aside the verdict, and grant a new trial, without costs.